United States Courts
Southern District of Texas
ENTERED
MAY 2 6 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILIA RIOJAS,<br>REG. #71485-079, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1830 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Lilia Riojas, a federal inmate proceeding *pro se,* seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons's (BOP) computation of her good time credits under 18 U.S.C. § 3624(b). Petitioner is presently confined at the Bryan Federal Prison Camp in Bryan, Texas.

The applicable provision of Section 3624(b)(1) provides as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year. . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

Petitioner argues that she is entitled to 283.5 days good time credit rather than the 247 days calculated by the BOP under its own rules and regulations, because under § 3624(b)(1), federal prisoner good conduct time should be calculated on a basis of the "imposed sentence"

rather than on "time actually served." According to petitioner, the plain language of the provision requires the BOP to award her good time credit for each year of her "term of imprisonment" based on the sentence actually *imposed* by the sentencing judge, as compared to the BOP's regulations computing such good time credit based on each year *served*.

The Fifth Circuit Court of Appeals recently rejected petitioner's interpretation and application of § 3624(b)(1). In *Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005), the Fifth Circuit held that

> It is plain from the statute that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit is thus not awarded in advance, and any entitlement to such credit for future years is speculative at best.

*Id.* at 312 (original emphasis). The Fifth Circuit further held that even assuming the statutory provision were found ambiguous, deference to the BOP's interpretation would be required under *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The Court agreed with the reasoning of the Seventh and Ninth Circuit Courts of Appeals reaching the same conclusions. *See White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheo-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2003).

Because petitioner fails to state a valid claim against respondent for the violation of her constitutional rights or the breach of any federal statute, the Court **DENIES** her petition for writ of habeas corpus pursuant to § 2241. Accordingly, this action is **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 25th day of May, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE